**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMPSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1292 c/w 12-1734** |
| | (REF: 12-1734) |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **SECTION: "B" (1)** |

ORDERS AND REASONS

Before the Court is Plaintiffs' Motion to Remand to State Court. (Rec. Doc. No. 15). In response, Defendants, Zurich American Insurance Company ("Zurich"), Aluminum and Stainless, Inc. ("ASI"), reply in opposition thereto (Rec. Doc. No. 17), and Plaintiffs' supplemental reply. (Rec. Doc. No. 20). This case before this Court has been consolidated with Case No. 12-1292 *Joyner versus ASI, et al.* (Rec. Doc. No. 12). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiffs' Motion to Remand be **GRANTED.**[1]

CAUSE OF ACTION AND FACTS OF THE CASE:

The instant suit originally began as two separate cases, which were later consolidated. (Rec. Doc. No. 12). The suit Plaintiffs move to remand was filed in state court to recover damages in an automobile accident that occurred in Orleans Parish ("*Thompson*

_____

[1] We are grateful for the work on this case by Emily C. Byrd, a Loyola University New Orleans College of Law Extern with our Chambers.

case"). The other suit (Case No. 12-1292 "*Joyner* case") was filed in this Court surrounding the same accident. Mr. Joey Joyner, a resident of Mississippi sued Mr. David Holl, a resident of Louisiana, his employer, ASI, and ASI's insurer Zurich.[2] Mr. Joyner alleges that Mr. Holl was driving a freightliner operated by ASI when the front left tire of the rig disengaged from the freightliner, crossed the median, and struck Mr. Joyner's truck. Mr. Joyner then allegedly lost control of his vehicle and collided with the Thompsons' vehicle that was traveling in his same direction.

The occupants of the vehicle struck by Mr. Joyner and the Petitioners who seek remand are Ms. Britteny Thompson and Ms. Constance Thompson ("Plaintiffs"), both residents of Louisiana. Plaintiffs filed a separate suit against Mr. Joyner, Mr. Holl, ASI, Zurich and State Farm in the Civil District Court of Orleans Parish. *Joyner* and *Thompson* cases were consolidated in this Court and Plaintiffs seek to remand their action to the Civil District Court of Orleans Parish. (Rec. Doc. Nos. 12 and 15).

## LAW AND ANALYSIS

Generally, 28 U.S.C. § 1441 governs removal to a federal court. Under 28 U.S.C. § 1441(a), any civil action brought in a state court may be removed by the defendant to the district court

---

[2] ASI and Zurich are both domestic/foreign insurance companies authorized to do business in Louisiana.

of the United States for the district where the action is pending. 28 U.S.C. § 1441(a). An action is only removable if the district court has original jurisdiction because the suit arises under federal law or if none of the ". . . parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The Fifth Circuit has held, to remove a case based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Cent. R. Co.*, 285 F.3d 568, 572 (5th Cir. 2004). In order to remove the case based on a federal question, the case must be a civil action arising out on issue from the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If the case could not find original federal jurisdiction from either diversity, or federal question, Defendant may look to supplemental jurisdiction. Supplemental jurisdiction allows "federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Correction v. Schacht*, 524 U.S. 381 (1998); 28 U.S.C. § 1367(a).

The Fifth Circuit in *Halmekangas* established criteria to determine how to view coinciding state and federal claims:

> Although this permitted removal of state and federal claims is simultaneous, it is useful to view it in steps: first, a party will use § 1441 to remove the civil action

over which federal courts have original jurisdiction; and second, the party will invoke § 1367 to allow the state claims to piggyback the federal claims. In our . . . example, the federal question presented under § 1983 provides the necessary original jurisdiction to remove, and the common nucleus shared by the federal and state claims allows the district court to exercise supplemental jurisdiction over the contract claims. [28 U.S.C.] Sections 1367 and 1441 are bound together because the [Plaintiff] filed the federal and state claims in a single civil action.

*Halmekangas v. State Farm Fire & Cas. Co.*, 603 F. 3d 290, 293–94 (5th Cir. 2010).

Both Plaintiffs' and Defendants' memoranda rely on *Halmekangas* in their arguments for supplemental jurisdiction. *Halmekangas* involved a Plaintiff bringing separate claims against different insurance companies, his flood insurer and homeowners insurer, for damage to his home as a result of flood and fire. The federal district court found that the cases both involved the Plaintiff's home and used supplemental jurisdiction to remove the state court claims to the federal district court. The Fifth Circuit overturned the removal and remanded the case back to state court finding that state law claims presented no federal question and the federal court would not have had original jurisdiction to hear the state court claims stating "§ 1367 grants 'supplemental jurisdiction' over the state claims, not original jurisdiction." *Halmekangas*, 603 F. 3d 290 at 294.

In the case at bar, there is no original jurisdiction over the state law claims raised in the *Thompson* case. Plaintiffs bring claims only in state court under state law, with non-diverse

4

parties. Although, the *Thompson* case and the *Joyner* case arise out of the same accident, there is no original jurisdiction to permit supplemental jurisdiction over the state law claims raised in the *Thompson* suit. Despite the fact it could be more judicially effective to hear these claims together, the lack of original jurisdiction over the Thompson's claims mandates remand back to state court.

The theory of ancillary jurisdiction allows for cases to combine in order to avoid piecemeal litigation. 28 U.S.C.A. §1367 (Practice Commentary). However, in order for the supplemental statute to apply there must be original jurisdiction over the claim. 28 U.S.C.A. §1367. When comparing the state and federal claim, the "claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). However "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id*.

This case is distinguishable from *Gibbs*, in that a completely separate plaintiff is bringing the claim in state court and although the cases do have a "common nucleus of operative fact" and even arise out of the same "transaction or occurrence," the history

behind pendent jurisdiction is that **one** plaintiff's state and federal law claims be tried together, as opposed to the consolidation of separate federal and state claims by different plaintiffs.

Diversity

Pursuant to 28 U.S.C. § 1332, Plaintiffs assert there is no diversity of citizenship, as the Thompsons are residents of Louisiana, as is Mr. David Holl, a co-defendant in this action. Defendants do not raise the issue of diversity in their reply, but seek federal jurisdiction on the basis of federal question and supplemental jurisdiction. (Rec. Doc. No. 17). Accordingly, federal jurisdiction does not exist on the basis of diversity in this case.

Federal Question of Law

Defendants argue that federal jurisdiction exists as a basis for removal due to the MCS-90[3] in the insurance policy being a question of federal law, pursuant to 28 U.S.C. § 1331. (Rec. Doc. No. 17-1, at 8). "An MCS-90 endorsement to an automotive insurance policy obligates an insurer to cover an insured's negligence involving 'vehicles subject to the financial responsibility

---

[3] Motor carriers of property operating commercial motor vehicles in interstate, foreign, or intrastate commerce, and for-hire carriers of passengers operating in interstate or foreign commerce must have at least the minimum amount of insurance required by law, UNITED STATES DEP'T OF TRANP., http://www.fmcsa.dot.gov/forms/print/MCS-90.htm (last visited Nov. 9, 2012.)

requirements of ... the Motor Carrier Act.'" *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 245 (5th Cir. 2010).  In order for a vehicle to be covered by the MCS-90 regulation, it must be engaged in the "transportation of property at the time of the accident." *Id.* The MCS-90 is regulated under  49  C.F.R. § 387.15 (hereinafter "Motor Carrier Act") and its application to this accident is a question of federal law. *Id.* at 247.   The MCS-90 covers liability for the transportation of property, as well as public liability resulting from the negligent use of motor vehicles subject to the Motor Carrier Act. In the instant suit, Plaintiffs allege that Mr. Holl was negligent, the driver of the freightliner at issue. (Rec. Doc. No. 1-3 at 2.) Negligence is covered by the MCS-90 under the Motor Carrier Act. *Id*. at 248. The Motor Carrier Act establishes minimum levels of financial responsibility "for the transportation of property by motor carrier ... within the United States." *Id*. at 245.

When an issue of federal question jurisdiction is invoked, "it is not enough to allege that such a question arises in the case. It must plainly appear that the averments attempting to bring the case within federal jurisdiction are real and substantial. *Kirklin v. Ellerbe*, 278 F. 168 (5th Cir. 1922)(citing *Blumenstock Bros. v. Curtis Publishing Co*., 252 U.S. 436 (1920); *Blackburn v. Portland Gold Mining Co*., 175 U.S. 573 (1899). Additionally, "Section

1446(a) is designed to simplify the statement of the grounds for removal, the removal notice must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists." *See* Wright & Miller, Fed. Prac. & Proc.: Procedure for Removal–Content and Amendment of the Notice of Removal § 3733. However when the basis for jurisdiction is not raised in the notice of removal, "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished." Wright & Miller, Fed. Prac. & Proc.: Jurisdiction 3d. § 3733 at 358.

Defendants' reply argues that the application of the MCS-90 is one of federal question, and Fifth Circuit case law supports this claim.  However, this issue is not one in dispute before this Court due to Defendant admitting insurance coverage. As this issue is not at controversy, it is not appropriate to be heard before this Court, nor is it a basis for original jurisdiction. Additionally, the issue of federal question jurisdiction was not timely raised, thus it cannot create original jurisdiction before this Court.

Thus, this claim should be remanded to state court as this Court does not have original subject matter jurisdiction over the claim and it would be imprudent to exercise supplemental jurisdiction.

New Orleans, Louisiana, this 9th day of November, 2012.

_____

UNITED STATES DISTRICT JUDGE